IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 34112-7-III |
| | ) | (consolidated with |
| Respondent, | ) | No. 34113-5-III, |
| | ) | No. 34114-3-III, |
| v. | ) | No. 34115-1-III) |
| | ) | |
| NICHOLAS S. ROY, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |

LAWRENCE-BERREY, J. — Nicholas S. Roy appeals four trial court orders, each

denying his request to strike collections costs and fees associated with each of his four

legal financial obligation (LFO) balances. He asserts four arguments as to why the trial

court erred by not striking the annual $100 fee assessed by the Asotin County clerk's

office on his LFO balances. We reject three of his arguments, but remand one argument

so that the State may provide evidence to the trial court so the trial court can properly

resolve that issue. In his statement of additional grounds for review (SAG), he asserts

two reasons why the trial court erred by not striking garnishment costs. We reject those

arguments.

## FACTS

Between 1995 and 2002, Mr. Roy accrued four separate LFO balances stemming from four felony convictions. In each judgment and sentence, the trial court left a box unchecked that would have otherwise mandated Mr. Roy to pay the LFO collection costs.

Beginning in 2008, and as the responsibility for collecting each LFO balance shifted from the Department of Corrections to the Asotin County clerk's office, that office began assessing an annual $100 fee on each of his LFO balances.

In 2015, Mr. Roy filed four separate but similar motions, each relating to his four LFO balances which total more than $30,000. Each motion sought to strike all garnishment costs, fees, and a renewal of judgment assessment. The State conceded that the renewal of judgment assessment should be stricken, but otherwise opposed the motions. The trial court entered four separate orders denying Mr. Roy's requests in so far as they related to collection costs and fees.

Mr. Roy timely appealed.

## ANALYSIS

Questions of statutory construction are reviewed de novo. *State v. Roggenkamp*, 153 Wn.2d 614, 621, 106 P.3d 196 (2005). The purpose is to determine and carry out the legislature's intent. *Jametsky v. Olsen*, 179 Wn.2d 756, 762, 317 P.3d 1003 (2014). This

2

court first looks at the statute's plain meaning by looking at the "ordinary meaning of the language at issue, the context of the statute in which that provision is found, related provisions, and the statutory scheme as a whole." *State v. Engel*, 166 Wn.2d 572, 578, 210 P.3d 1007 (2009). "A court's inquiry ends if the statute is unambiguous after reviewing its plain meaning." *Alvarado v. Dep't of Licensing*, 193 Wn. App. 171, 174, 371 P.3d 549 (2016).

*General overview*

Chapter 36.18 RCW sets forth various fees that county officers collect from users of governmental services. These fees, some of which are shared with the state, raise revenue for state and county governments.

RCW 36.18.016(29) provides: "For the collection of an adult offender's unpaid legal financial obligations, the clerk may impose an annual fee of up to one hundred dollars, pursuant to RCW 9.94A.780." The only part of RCW 9.94A.780 that pertains to clerks and LFO collections is subsection (7), which provides:

> If a county clerk assumes responsibility for collection of unpaid legal financial obligations under RCW 9.94A.760, or under any agreement with the department under that section, whether before or after the completion of any period of community custody, the clerk may impose a monthly or annual assessment for the cost of collections. The amount of the assessment shall not exceed the actual cost of collections. The county clerk may exempt or defer payment of all or part of the assessment based upon any of the factors listed in subsection (1) of this section. The offender shall pay the assessment under this subsection to the county clerk

3

who shall apply it to the cost of collecting legal financial obligations under RCW 9.94A.760.

We first note that RCW 36.18.016(29) uses the term "fee," and RCW 9.94A.780(7) uses the term "assessment." Because the legislature chose to use different terms, we could conclude the two terms mean different things. *See Densley v. Dep't of Ret. Sys.*, 162 Wn.2d 210, 219, 173 P.3d 885 (2007). However, RCW 36.18.016(29), by explicitly stating that fees are imposable "pursuant to RCW 9.94A.780," requires us to reach the opposite conclusion: we conclude the legislature intended that fees and assessments are synonymous. This conclusion means that the limitation on how much the clerk may charge for an assessment under RCW 9.94A.780(7) applies to the fee authorized by RCW 36.18.016(29). Specifically, we hold that RCW 36.18.016(29) authorizes a county clerk to impose an annual fee or assessment of up to $100 per LFO judgment the clerk attempts to collect, provided the annual fee or assessment does not exceed the annual cost of collection.

1.      FEES PERMITTED BY CH. 36.18 RCW SUBSIDIZE THE GOVERNMENT

Mr. Roy first argues, "COST OF COLLECTIONS DOES NOT INCLUDE EXPENDITURES IN CONNECTION WITH THE MAINTENANCE AND OPERATION OF GOVERNMENT AGENCIES." Appellant's Br. at 6. Mr. Roy uses the definition of "costs" in RCW 10.01.160 to argue that the annual fee authorized by

4

RCW 36.18.016(29) should not be used to subsidize the day-to-day operations of the clerk's office.

Mr. Roy's argument misses the point. The fee authorized by RCW 36.18.016(29) is not a cost. It is a fee. As earlier noted, the fees authorized by chapter 36.18 RCW *are* intended to subsidize the day-to-day operations of government.

2.    THE COUNTY CLERK MUST JUSTIFY ITS FEE

Mr. Roy next argues "THE COUNTY HAS NOT INCURRED AUTHORIZED COSTS FOR COLLECTIONS ACTIVITY FOR WHICH THE OFFENDER MAY BE CHARGED A FEE." Appellant's Br. at 8. Mr. Roy correctly notes the limitation on assessments contained in RCW 9.94A.780(7), that "[t]he amount . . . shall not exceed the actual cost of collections."

The State responds that Mr. Roy, as the plaintiff, bears the burden of proof that the clerk's costs do not exceed its $100 annual assessment, and because there is no evidence on this issue, Mr. Roy's argument fails. We disagree.

"Washington courts have historically applied the long-recognized principle that the burden of proof is better placed on the party having easier access to the relevant information." *Nat'l Elec. Contractors Ass'n v. Employment Sec. Dep't*, 109 Wn. App. 213, 226, 34 P.3d 860 (2001). Application of the above rule is appropriate here for two

reasons. First and foremost, RCW 9.94A.780(7) explicitly limits the clerk's authority by requiring the clerk's assessment to be no more than its costs. To be in compliance with this limitation, the clerk must have already calculated its costs to assure its annual assessment is not in violation of the law. Second, the clerk knows how many employees or fractions of employees are assigned to collect LFO balances. The clerk also knows how many separate LFO balances it assesses each year. The clerk is required to have this information. Assigning the clerk the burden of proof on this issue is manifestly reasonable and consistent with established authority.

Here, the State has not come forward with any evidence to justify the clerk's annual $100 fees for the years in question. This is partially due to Mr. Roy assuming, but not clearly articulating, that the State has the burden of justifying the annual fees. We remand to the trial court so the State has an opportunity to justify the clerk's annual fees. On remand, the State is not foreclosed from raising any affirmative defense to Mr. Roy's challenge to some or all of these fees.

3. THE FEE MAY BE ASSESSED AGAINST INDIGENT DEFENDANTS

Mr. Roy next argues, "A FEE FOR COSTS OF COLLECTIONS IS NOT PROPERLY IMPOSED AS AN ADDITIONAL PENALTY FOR OFFENDERS WHO ARE UNABLE TO PAY LEGAL FINANCIAL OBLIGATIONS." Appellant's Br. at 9.

6

He argues that *State v. Blazina*, 182 Wn.2d 827, 344 P.3d 680 (2015) sets a policy that costs and fees should not be imposed on indigent defendants.

*Blazina*'s holding was twofold. Primarily, RCW 10.01.160(3) expressly requires trial courts to find that a defendant has the current or likely future ability to pay before imposing discretionary LFOs. *Blazina*, 182 Wn.2d at 834. Additionally, the failure of trial courts to adhere to this statutory limitation and make the required finding results in great injustice, and appellate courts may use their discretion to review such errors, even when those errors are unpreserved. *Id.* at 834-37.

*Blazina*'s primary holding is based on a statute that explicitly requires trial courts to find the defendant has the present or likely future ability to pay prior to imposing discretionary costs. Here, RCW 36.18.016(29) expressly gives the clerk discretion to assess an annual fee of up to $100. There is nothing that limits the clerk's discretion in this regard.[1] Because mandatory language similar to RCW 10.01.160(3) is not contained in RCW 36.18.016(29), or even RCW 9.94A.780, we will not extend *Blazina*'s holding to the annual fee authorized by the fee statute.

---

[1] RCW 9.94A.780(7) permits a county clerk to exempt or defer assessments of collection costs because of a debtor's financial hardship. The language is permissive, not mandatory.

7

4.    THE TRIAL COURT, BY NOT CHECKING THE BOX, DID NOT REMOVE THE CLERK'S DISCRETION TO IMPOSE COLLECTION COSTS

Mr. Roy next argues, "THE COURT'S DECISION NOT TO SELECT THE PRE-PRINTED SECTION OF THE JUDGMENT AND SENTENCE THAT PERMITS THE CLERK OF THE COURT TO COLLECT FEES FOR THE COST OF COLLECTIONS EXPRESSES THE COURT'S INTENT THAT SUCH FEES NOT BE IMPOSED." Appellant's Br. at 11. The pertinent portion of the judgment and sentence reads:

> [ ] The defendant shall pay the costs of services to collect unpaid legal financial obligations. RCW 10.73

Clerk's Papers at 10.

We disagree with Mr. Roy's arguments for two reasons. First, the fee under discussion is not a collection cost. For this reason, the unchecked box, which relates only to collection costs, is irrelevant. Second, RCW 36.18.016(29) explicitly gives the clerk, not the trial court, discretion whether to impose up to a $100 annual fee for LFO collections.

5.    APPEAL COSTS

Mr. Roy requests that we not award the State appellate costs in the event it prevails. The State opposes Mr. Roy's request.

8

In general, the substantially prevailing party on appeal is awarded appellate costs. RAP 14.1(d); RAP 14.2. Here the State has prevailed on all but one issue, and may even ultimately prevail on that issue. The State has substantially prevailed.

Our June 10, 2016 "General Order" sets forth a procedure whereby a defendant can request the panel to waive application of this general rule. The procedure envisions the defendant providing the panel with financial information so we can determine whether the defendant has the current or likely future ability to pay *appellate costs.*

This determination is not satisfied by an earlier order determining indigency for purposes of affording an attorney on appeal. This is because appellate costs are often a small fraction of what an attorney would charge for an appeal. That is, one may have the current or likely future ability to pay $500, but lack the current or likely future ability to pay $5,000. For this reason, a defendant's compliance with our June 10, 2016 order is necessary so we can properly exercise our discretion.

Mr. Roy has chosen not to comply with our General Order and provide us his financial information, beyond the (undisputed) fact that his LFOs total more than $30,000. A recent rule adopted by our Supreme Court sets forth a presumption of continued indigency throughout the appeal. RAP 15.2(f); *State v. Sinclair*, 192 Wn. App. 380, 393, 367 P.3d 612, *review denied*, 185 Wn.2d 1034, 377 P.3d 733 (2016).

We have little doubt that Mr. Roy remains indigent for purposes of affording an attorney to represent him on appeal. But this is not germane to his ability to afford to pay much lesser appellate costs. Mr. Roy's refusal to comply with our General Order frustrates our goal of waiving imposition of appellate costs for those who truly lack the current and likely future ability to pay those lesser costs.

Because of his undisputed debt of over $30,000, we nevertheless grant his request and deny the State an award of costs on appeal.

SAG ISSUES

Mr. Roy first argues the clerk lacked authority to impose garnishment costs because the trial court did not check the box described above in each judgment and sentence. We disagree.

The unchecked box was not an order that collection costs could not be imposed. Rather, it meant that the judgment and sentence did not independently authorize imposition of such costs. But the clerk had authority to impose collection costs independent from the judgment and sentence. RCW 6.27.090(2) authorizes garnishment costs to be collected against a garnishee defendant. Those costs include reasonable processing and attorney fees as more particularly described therein.

10

No. 34112-7-III; 34113-5-III; 34114-3-III; 34115-1-III
*State v. Roy*

Mr. Roy next argues that garnishment costs should not be imposed against an indigent defendant and cites *Blazina*. We earlier rejected a similar argument. We refuse to extend *Blazina* to situations dissimilar to RCW 10.01.160(3). Here, imposition of garnishment costs are authorized by a statute, and the statute does not limit imposition of such costs to only those defendants with the current or likely future ability to pay.

Affirmed in part; remanded.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

Lawrence-Berrey, J.

I CONCUR:

Fearing, C.J.

11

34112-7-III
(consolidated w/ No. 34113-5-III; No. 34114-3-III; No. 34115-1-III)

SIDDOWAY, J. (dissent in part) — "When information necessary to proof 'is exclusively within the knowledge of one or the other of the parties, the burden would be upon the party possessed of that knowledge to make the proof.'" *Cedar River Water & Sewer Dist. v. King County*, 178 Wn.2d 763, 779, 315 P.3d 1065 (2013) (quoting *Jolliffe v. N. Pac. R.R. Co.*, 52 Wash. 433, 436, 100 P. 977 (1909)). Where a party does not show that information is exclusively in the hands of its adversary or any other reason why the usual burden of proof should be reversed, our Supreme Court has declined to do so. *Id.*

*National Electrical Contractors Ass'n v. Employment Security Department*, 109 Wn. App. 213, 226, 34 P.3d 860 (2001) does not hold otherwise. That case involved an agency rule under which an employer was effectively foreclosed from appealing the employment security department's informal determination of an employee's benefits unless the employer could provide a quality of eligibility information that was in the possession of the employee's union but was not available to the employer. *See id.* at 223. The appellate court therefore interpreted the agency rule to require a showing by an employer in the agency process that it could conceivably meet. The decision did not alter the burden of proof in the court proceeding at all.

Here, the trial court evidently did not view Nicholas Roy as contending that the county's $100 fee was more than its "actual cost of collections" within the meaning of RCW 9.94A.780(7). *See* Clerk's Papers at 142-43 (Decision & Order on Def.'s Mot. to

Strike Unauthorized Collection Fees). The argument that the fee is being used to subsidize unrelated costs appears to have been raised for the first time on appeal. Mr. Roy made no effort in the trial court to demonstrate that information about the county's actual cost of collection is exclusively in county hands, nor could he make that showing. Washington's Public Records Act (PRA), chapter 42.56 RCW, allows citizens broad access to public records and provides a cause of action to challenge inadequate responses to record requests. *Belenski v. Jefferson County*, 186 Wn.2d 452, 456-57, 378 P.3d 176 (2016).

Before Mr. Roy sues the county for charging a collection fee that reflects more than its actual cost (and again, I don't believe that was the nature of Mr. Roy's motion below), he should first perform an inquiry that is reasonable under the circumstances and form a belief that his claim is well grounded in fact. CR 11. Given the PRA, Mr. Roy was particularly well positioned to have performed that inquiry.

I also would not grant Mr. Roy's request that we deny the State an award of costs on appeal where he has failed to comply with our general order. It is unfair to the defendants who comply.

For these two reasons, I dissent in part.

_____
Siddoway, J.

2