IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| LARRY D. DUBEY, | ) | No. 38140-4-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| WASHINGTON STATE DEPARTMENT | ) | |
| OF LICENSING, | ) | |
| | ) | |
| Appellant. | ) | |

PENNELL, J. — Larry Dubey had his commercial driver's license (CDL) revoked

by the Washington State Department of Licensing (DOL) after he submitted a urine

sample that tested positive for marijuana. The sample was collected under state law

pursuant to protocols set by the United States Department of Transportation (USDOT).

Mr. Dubey appealed the CDL revocation to superior court and invoked his right to a

trial de novo. At trial, Mr. Dubey successfully objected to the DOL's introduction of the

drug test report, arguing it did not clarify whether he had ingested tetrahydrocannabinol

(THC), the psychoactive component of marijuana, or a nonpsychoactive component

of marijuana, such as cannabidiol. Without introduction of the report, the DOL lacked

evidence of a positive drug test and the superior court reinstated Mr. Dubey's CDL.

Because the superior court's evidentiary ruling was legal error, we reverse the order of dismissal. The drug test report proffered by the DOL was prepared pursuant to federal standards set by the USDOT. These standards require specific testing protocols and minimum thresholds for a positive drug test result. A verified positive drug test result is admissible in a CDL revocation hearing without the need for further explanatory evidence, and is considered prima facie evidence justifying the DOL's revocation claim. The superior court's refusal to admit the report of Mr. Dubey's positive test result into evidence was legal error. The order reinstating Mr. Dubey's CDL is therefore reversed and this matter is remanded for further proceedings.

## FACTS

Larry Dubey worked as a school bus driver and possessed a valid CDL as part of his employment. Mr. Dubey's employer conducted random drug testing and obtained a result for Mr. Dubey that was positive for marijuana. The employer then sent a copy of Mr. Dubey's drug test result report to the DOL. The report indicated that the employer had a federally compliant testing program and that protocols were followed in the testing of Mr. Dubey. The test result report was signed under penalty of perjury by a medical review officer.

Upon receiving the verified positive test result, the DOL notified Mr. Dubey his CDL would be disqualified unless he successfully appealed. Mr. Dubey requested an administrative hearing. Disqualification of the CDL was stayed during the administrative proceedings.

At the administrative hearing, Mr. Dubey claimed he accidentally consumed one of his wife's medical cannabidiol edibles. Mr. Dubey's positive drug test report was admitted into evidence. The hearing officer ultimately sustained Mr. Dubey's CDL disqualification, reasoning that unwitting consumption was not a valid defense to a positive drug test result pursuant to RCW 49.25.125 and 49 C.F.R. § 40. Mr. Dubey appealed the disqualification to superior court and invoked his right to a trial de novo.

At trial, the DOL moved to admit the exhibits from the administrative hearing, including the positive drug test report. Mr. Dubey had indicated in a pretrial management report that he would stipulate to admissibility of the certified administrative record, but at trial he objected to introduction of the positive drug test report into evidence on relevance grounds. Mr. Dubey argued that because the report did not specify a drug potency cutoff level, it failed to clarify whether he had consumed THC or a nonpsychoactive component of marijuana, such as hemp.

The superior court sustained Mr. Dubey's objection. The court found the drug test report irrelevant because it did not specify whether "a psychoactive component of marijuana was tested positive or present." Report of Proceedings (Nov. 23, 2020) at 19. After the court made its evidentiary ruling, Mr. Dubey moved for dismissal of the case. The superior court granted the motion and reversed the CDL disqualification.

The DOL timely appeals the reversal of the CDL disqualification and order of dismissal.

## ANALYSIS

The sole issue on appeal is whether the superior court erroneously excluded the positive drug test report from evidence on relevancy grounds. We review a trial court's relevance decision for manifest abuse of discretion. *State v. Barry*, 184 Wn. App. 790, 801-02, 339 P.3d 200 (2014). A court necessarily abuses its discretion if its decision is grounded in a mistake of law. *Council House, Inc. v. Hawk*, 136 Wn. App. 153, 159, 147 P.3d 1305 (2006).

The verified positive drug test at issue in this case was issued pursuant to the Uniform Commercial Driver's License (UCDL) Act, chapter 46.25 RCW. The UCDL Act provides that a CDL holder will be disqualified from driving a commercial motor vehicle "if a report has been received by the [DOL] under RCW 46.25.125 that the person

4

has received a verified positive drug test or positive alcohol confirmation test as part of

the testing program conducted under 49 C.F.R. 40." RCW 46.25.090(7). 49 C.F.R. part

40 sets forth USDOT procedures for transportation workplace drug and alcohol testing

programs.

A CDL holder who challenges a positive drug test result has the right to an

administrative hearing and de novo appeal to superior court. RCW 46.25.125(2), (4).

The issues relevant at the administrative hearing and on appeal are limited to: (a) whether

the driver is the person who is the subject of the report, (b) whether the motor carrier,

employer, or consortium has a program that is subject to the federal requirements under

49 C.F.R. 40, and (c) whether the medical review officer or breath alcohol technician

making the report accurately followed the protocols established to verify or confirm the

results, or if the driver refused a test, whether the circumstances constitute the refusal of a

test under 49 C.F.R. 40. RCW 46.25.125(4).

The DOL can establish a prima facie case of elements (b) and (c) by presenting

"a copy of a positive test result with a declaration by the tester or medical review officer

or breath alcohol technician stating the accuracy of the laboratory protocols followed to

arrive at the test result." *Id*. Evidence of a false positive is relevant to the issues on review

at the administrative hearing or on appeal. *Id*. No authority has been cited for the prospect that unwitting consumption of alcohol or drugs is a defense to CDL disqualification.

We previously addressed evidentiary issues related to a positive drug test report under the UCDL Act in *Alvarado v. Department of Licensing*, 193 Wn. App. 171, 371 P.3d 549 (2016). At issue in *Alvarado* was whether the DOL could satisfy its burden of proof at a CDL disqualification hearing based on a verified positive test result alone, without accompanying information documenting the underlying data. We held that the positive test report alone was sufficient. As we recognized in *Alvarado*, the report "is not a meaningless piece of paper." *Id*. at 177. It is a document "signed under penalty of perjury by a medical doctor, verifying federal protocols were met in reaching a positive test result." *Id*. Among other things, the medical doctor's signature means the test sampled meets federal cutoff standards on concentrations of controlled substances. *Id*. at 176.

Like the report deemed sufficient in *Alvarado*, Mr. Dubey's positive drug test report was signed by a medical doctor, under penalty of perjury, verifying the testing met federal protocols under 49 C.F.R. part 40. The report states the specimen submitted by Mr. Dubey tested positive for marijuana. In order to report a positive test result for marijuana under 49 C.F.R. part 40, the medical doctor was required to verify the

specimen provided by Mr. Dubey contained tetrahydrocannabinolic acid (THCA).[1]

Specifically, the initial test required at least 50 ng/ml and the confirmatory test required

at least 15ng/ml. 49 C.F.R. § 40.87 (2017).[2]

Given the federal reporting requirements, the positive test result in Mr. Dubey's

case revealed he had submitted a urine specimen containing the amount of THCA

required to meet the applicable federal definition of marijuana. *Id*. The federal

definition of marijuana under 49 C.F.R. part 40 governs Washington's CDL drug

testing requirements. *See* RCW 46.25.090(7) (positive drug test under 49 C.F.R. 40

requires CDL disqualification). Other definitions of marijuana or marijuana components

are not relevant to the analysis.

Mr. Dubey points to the purpose of the UCDL Act, which aims to "reduce or

prevent commercial motor vehicle accidents, fatalities, and injuries." RCW 46.25.005(1).

---

[1] THCA is a precursor to tetrahydrocannabinol (THC), the psychoactive component of marijuana. *See* Supaart Sirikantaramas, et. al., *Tetrahydrocannabinolic Acid Synthase, the Enzyme Controlling Marijuana Psychoactivity, is Secreted into the Storage Cavity of the Glandular Trichomes*, 46 PLANT AND CELL PHYSIOLOGY 9 (2005), https://doi.org/10.1093/pcp/pci166. THCA is not psychoactive itself.

[2] Federal regulations contemplate an initial test and confirmation test. If the initial test is above the cutoff, a confirmation test must be conducted. 49 C.F.R. § 40.87(b). A result above the confirmation test cutoff must be reported as a positive test result. 49 C.F.R. § 40.87(c). A result below the initial test result cutoff, or below the confirmation test cutoff after a confirmation test, must be reported as a negative test result. 49 C.F.R. § 40.87(b), (c).

According to Mr. Dubey, this purpose is not served by revoking CDLs for individuals who consume nonpsychoactive components of marijuana. Whatever the merits of Mr. Dubey's public policy argument, it is not a basis for us to ignore the plain language of the governing laws that require CDL revocation based on a positive test for marijuana as defined by 49 C.F.R. § 40.87. The issue of whether the UCDL Act's marijuana cutoff standards are unnecessary or unwise is a matter to be taken up with our legislature or federal regulatory authorities. It is not something to be decided by this court.

The superior court committed legal error when it excluded the positive drug test result on the basis that the report failed to reveal the type of marijuana detected in Mr. Dubey's urine sample. As set forth above, the verified report necessarily contemplated the type and quantity of marijuana sufficient for a positive drug test result under the UCDL Act. The superior court's failure to recognize the significance of the positive drug test result was understandable, as the parties failed to bring the federal testing standards to the court's attention at the time of trial. Nevertheless, this issue was not waived. We therefore grant the DOL its requested relief and reverse the order of dismissal.

No. 38140-4-III
*Dubey v. Dep't of Licensing*

CONCLUSION

This order of dismissal is reversed and we remand for further proceedings

consistent with the terms of this opinion.

A majority of the panel has determined this opinion will not be printed in the

Washington Appellate Reports, but it will be filed for public record pursuant to RCW

2.06.040.

_____
Pennell, J.

WE CONCUR:

_____
Siddoway, C.J.

_____
Lawrence-Berrey, J.

9